please be seated. Well I'm delighted to be in Houston with my colleagues Judge King and Judge Wilson and I want to thank all the attorneys in these three cases for being so resilient. We were supposed to see you a couple months ago and I hope you weren't already in New Orleans for that and you're very generous to have adjusted your plans and come all the way to Houston. We're going to hear three cases today. The first one is 250112 United States of America versus Lara. Is it Mr. Peralta? You can begin. You may please the court. My name is John Peralta and I've been appointed under the Criminal Justice Act to represent appellant Melissa Janet Lara. Over the years this court has repeatedly admonished the government against the improper use of profiling evidence in drug smuggling cases and this case presents a particularly egregious example of that. The government's final witness at this trial was a Border Patrol agent by the name of Huerta who testified that he had hundreds of drug smugglers and had read reports involving hundreds of others and based on that in his expert opinion quote usually they know they're transporting narcotics and this court in United States versus Gutierrez Farias found an abuse of discretion involving virtually identical testimony. As a matter of fact the testimony in that case was not nearly as bad. In that case had the district court actually instructed the government not to do that? I don't know if that involved a motion in limine. But this case did? This case did your honor and of course that goes to the standard of review in this case which we strongly believe will be under an abuse of discretion. That's probably in my mind that's the biggest difficulty here. I don't know if it was tactical or just ineffective but without renewing the objection you probably have thoughts on that. Whether you were trial counsel or not it could easily be strategic advantage to not object if you think that the statement made by the expert actually might benefit you and one of the two sisters did later capitalize on some of his scienter remarks. Of course litigants in the heat of trial have to deal with the evidence that comes out whether it was contrary to a pretrial ruling or not. They have to deal with the facts on the ground. But standard review often focuses on the district court's opportunity to correct something and so the district court wouldn't necessarily object on its own initiative. I would direct the court to two I think what are insurmountable hurdles for the government in their attempt to get to plain error review. One is the plain language of rule 103 B that clearly states that if a defendant gets a pretrial ruling or a ruling definitive ruling either before trial or at trial then they do not need to renew an objection at trial. Why am I remembering and it's been a while that the Advisory Committee notes virtually suggest the opposite the contemporaneous objection means just that. Am I not right that the Advisory Committee notes would suggest if you win below and then it appears that the opposing side is breaching that restriction the motion in the Advisory Committee notes that suggests you have to object again? I think and I pointed this out in my reply brief I think the case law in this area is sort of all over the map. There are cases where a government motion in limine is denied does or is granted is a contemporaneous trial objection required. There are situations where a defense motion in limine is either those circumstances is a contemporaneous objection required but what I would point the court to is the most recent case law from this court a case out of 2017 Lucas v. State and I have the cite to that. Did you put it in your brief? It's not in the brief judges. Okay that's not going to help your opposing counsel respond to it. I understand, I understand. But because they don't know that case and we haven't read it I'm just going to ask you when I read the direct the cross the redirect the recross this this witness ultimately was at some point did acknowledge that he had not had no firsthand information about that your clients. That's correct. He was brought in as an expert witness. So if it's plain error that's going to be and then they don't work the government doesn't rely on it in closing. If it ends up being plain error it's a difficult argument to make so it doesn't. Yeah plain error is a very high hurdle. Yeah. It is rarely, litigants are rarely successful on plain error review. But don't all these cross currents that Judge Higginson's noted further suggest that you know the interpretation of the rule in the advisory committee notes to his point would suggest that the law at least ought to be or it maybe is that you object at the time. In other words you put it before the district court so the district court has the opportunity to cure. That would be the best practice had I been trial counsel I certainly would have objected and I would have I would have made as much of an issue before the jury as I could. I mean that's what the Fonseca case I guess in the Tenth Circuit says. But but talk a little bit more about our law. I mean do we do we just do we go both ways sort of all the way across the map or do we have we just not answered this question yet directly? I think no I think I think you have to distinguish the circumstances in which the issue arises. Was it a government motion in limine or was it a defense motion? Because the case law conflates those two situations. Is the right inquiry was it a granted motion in limine or was it a denied motion in limine? Well and to get to your that that is another factor obviously. Although rule 103 just says it has to be a definitive ruling. Of course if the if the motion is denied then the evidence is coming in. What's the downside to the law? What's the downside to the law if the requirement is you do have to make a contribution? How would that ever? Well for one thing as a former AUSA I plan my trial strategy on the pretrial evidentiary rulings. I have to. So if there's if there's if and the Defense Council does the same thing if there's a definitive ruling on the record by a district judge on a motion in limine I should I should be able to rely on good faith and I do in this case that the AUSA informed his witness of what the ruling was and to stay away from those profiling type issues. I assume they did that. They're supposed to. But and it's certainly true if a district judge is you're right if a district judge has said don't elicit this answer and you want to get anywhere near it you should ask to go come up to the bar and ask. None of that happened it just came out quickly. It just came out the district court did not intercede and I believe there's a provision of rule 103 it might be subsection D that says that the district courts should conduct the trial in such a manner as to prevent inadmissible evidence from coming in. So I don't know if that places a sua and behold the witness then says well when they do know it's narcotics in there they always plead guilty and then that ends up being advantageous in closing for one of the sisters. So without a further objection why would the court interject and stop if maybe the defense thinks this witness is helping them? The court has a prior ruling that that it issued and you know Gutierrez Farias pretty well correct? Yes. Well there's the footnote at the end that says well you don't have to directly attribute it but but that's the functional equivalent. And you think there's no way that this wasn't that? I think this was definitely a violation of Gutierrez Farias and the other thing is the the government followed up this statement by asking him so you think so you're saying that most of these people know that they're carrying some type of narcotic and and the answer was yes. And on the on the standard of review judge the most recent case law from this court there are cases directly on point where a defense motion to grant a motion in limine to keep out evidence was violated at trial evidence came in there was no contemporaneous trial objection and this court held that that is sufficient then no further objection is required. In which case you refer? That was the Lucas case. Maybe you should give us the site then. Yes sir. And that review is under abusive discretion. That would be 2017 849 F 3rd 638. Your honor very quickly the final issue would be I would like to discuss would be impeachment evidence. They called an agent by the name of Leonard to testify solely about a debrief that was had of a co-defendant Priscilla Ramirez and the the government believes that that is impeachment evidence under rule 613. However they somehow believe they're not required to satisfy the foundational requirements of 613. There was no confrontation of the witness with this prior statement to give her an opportunity to admit or deny. So I would also bring that to the court. Well okay and your time's up but I have a question on that because it's it's I've thought it was a more difficult area of law than it appears to be in the case law. Ramirez is a co-conspirator cooperating and then they decide to impeach her with her factual basis correct? With not not with the well they did impeach her with the factual basis. Okay. But what they did then is because she had softened her position with respect to the knowledge issue. Right. They brought in this agent to bring in the evidence of the debrief. So it's two different things. Okay. Written factual. My question to you is twofold. Yes sir. At trial was there an objection to that? No. Okay. And then was there a limiting instruction that that could only be considered for impeachment or did it come in as substantive proof? No there was no instruction limiting instruction stating that it can only be used for impeachment purposes. Nor was it requested though? No. Okay that's fine counsel. I think I think I mean it's a the government did say that that prior debrief proved, that's a direct quote, proved that these defendants knew what they were doing. So it was used as substantive evidence. Thank you. Mr. Beard. May it please the court. Is it Mr. Beard? It is Jerry Beard for We had earlier in the year adopted by way of Rule 28i points 2, 3, and 4 from co-appellants briefs and I'm going to stand on those briefs. I'd like to turn the panel's attention if I can to some of the inferences that were drawn in the case to establish knowledge. This whole case was about knowledge? Absolutely and in fact it's in my experience one of the perhaps for lack of a better term purest cases of the prosecutor at the Rule 29 hearing said this is all circumstantial. This is all what it was going to be and then Mary Ann Lara's attorney and in fact Melissa's attorney as well basically echoed and suggests this is a no-knowledge case. Yeah. So on appeal and certainly right now what I want to focus on are some of those inferences because of course while it is to contest a lot of inferences that are drawn by the jury that's not to say that they're all rational and it's not to say that they're all not that some of them aren't speculative and I believe in fact some of these are speculative and I start first with the inferences. Just legally though you're not pressing equipoise means reverse. I am not. I'm aware of the the court's position in Vargas Ocampo and in fact it's Judge Jones writing in that en banc opinion had said that rationality remains. Yeah. Excuse me. Just to save you time if it was undisputed that they denied knowing each other, two sisters, why wouldn't right there a jury be able to infer you know. Well I think there may be inferences but the question is how far they draw because or how far they go Judge Higginson because what's at play here is the inference of knowledge of at the outset the day before the ill-fated trip to to Mexico that there may have been questions about whether the truck was stolen but a stolen truck does not equate necessarily to knowledge of drug smuggling importation and possible distribution. The government began a trial with trying to point out that well the truck had very very poor suspension it was shaky when it was driving and that's true but I don't know that that necessarily gets you to criminality and then if it got you to criminality. But if if there is as you suggest an inference an open inference as to consciousness of guilt why isn't that sufficient? That may go to and I will reach that shortly. Okay. The inference that might be taken from the discussions that took place the day before might go possibly to conspiracy I don't know that they go necessarily to the substantive counts because as this particular trial points out there was another individual who was involved in this who had been told yes you're going to be bringing a truck full of well not full of drugs actually a kilo of cocaine you're going to be bringing one back a vehicle back that hadn't that's not the case here these sisters were not told any such thing at most Mary and Laura did ask the question and was repeatedly advised this is not a truck that's loaded this is not a truck that was stolen this is a truck that's going to be used for work but this is what the jury heard it is in fact what the jury heard and there were multiple counts and there may be this may be a situation where inferences will reach some of the counts but perhaps not others and this is why initially I was wanting to point out that inferences that went to the knowledge of the drugs the suspension if you will I don't think that a car that's drive a truck that's not drivable or a shakable necessarily implies or reaches knowledge that there are drugs hidden in the tires and I would suggest what an inference to be drawn there is that you have suspension problems how many objects of the conspiracy were there wasn't it just a drug 841 conspiracy no there was also importation but how could you have sufficiency enter for conspiracy and not for a substantive count because you might it's conceivable and I'm not suggest I can't look inside everyone's minds but you might have an agreement to but not necessarily know that it was taking place right then in terms of the substantive possession likewise no the the fact that when the individuals when the Laura sisters and Priscilla Ramirez were removed from their cars during secondary inspection and initially may not have known each other the fact that people are or are not talking and it could be used either way if they had been talking to each other I have no doubt that we would be told that they this was evidence that they in fact were involved with something the fact that they aren't talking to each other is now evidence that they were involved in something it tends to go both ways and I'm not I'm not sure that that's particularly rational if you will finally as to the the substantive counts the improper expert testimony that you had just heard about specific the expert specifically said well the drug traffickers the major players make sure that the mules don't know quantity value or location your honor no good excuse me at the same time the government is saying well the fact that this is worth seven point seven point four million also can be used to establish the knowledge element why it is strange for the government's expert to say they don't know knowledge in amount and then at sentencing I assume both your clients were their their sentence corresponded to amount yes it did it this is true and I see that my time is run out if I can just point out one interesting facet about this case with the other individual that was was planning was pleading she had been told well you're going to have a kilo of cocaine that's actually what she knew in advance at least that's what she'd been told and yet of course it's sentencing she was actually sentenced for 30 plus kilograms of methamphetamine so my point simply being that the valuation seems to go all over the place if you do know what's coming you can still be what's being smuggled you can still be sentenced on the basis of something else if you don't know what the location value or type drug is you can still be sentenced later that to me is illustrative of an inference that is a rush yeah my time is thank you I think you have rebuttal however you divided it is it miss good morning your honor Elizabeth Berenger from the Western District of Texas on behalf of the United States I'm gonna first address the expert issue I think this court can affirm on on plenary review on this one and first just addressing the questions about the standard of review it seems the courts aware of the 28 J I filed in this case and the Advisory Committee notes clearly contemplate the situation in this case where the error would be the violation of the rule in lemony and not necessarily rule and the rule so we also have a Fifth Circuit case that I cited in there but I guess both it's important for me to not immediately go behind the standard of review because you weren't trial counsel but it looks like this is assistant U.S. attorney not only has an exact map on to what we warned against and you may be you may try to distinguish Gutierrez Fieras but looks to me not only on point but it's much more compounded here because here the district court said don't elicit from a witness that mules know there's narcotics you know when a prosecutor is told don't do that and then what's the transcript the question is okay based on your interviews generally how much did these low drivers know about this well they usually know they're transporting narcotics that's exactly what the assistant U.S. attorney was told not to do well a few responses to that my reading of this is that it's a little unelicited by the agent not that the prosecutor it's a little what it's unelicited that the response I mean he's asking about no I know but opposing counsels right if you get a motion in lemonade instruction you tell your you can't then say oh I was not expecting that answer sure and I don't want to press too hard it's very hard to distinguish Gutierrez Farias it's it's hard but Portillo may okay but I agree with you then I appreciate that that the why does the government do it because we keep saying harmless or not plain error you couldn't have a clearer warning well from our court and then you couldn't have a clearer warning from a district judge and yet the witness does it in a case that's all about knowledge an can you cross-examine an expert well the responsibility in that case is for the defense to object but instead of objecting as you said the defense capitalized on this Mary no no no no the cat's out of the bag how can the defense object as you would just agree the witnesses just said it oh your honor strike that instruct the jury to disregard that my clients knew well the defense actually did something more effective in this case is that they which is actually very helpful for their defense Marianne Laura on 649 to 52 and I would actually say that she waived the objection Marianne Laura and she asked these highly effective questions about but sometimes they don't know and the agent admits yes sometimes they don't know and that that's very helpful to defense more helpful even probably than an objection would have been so here we have this sort of tactical decision by Marianne Laura and you know Melissa doesn't move to sever to take this tactic instead of objecting to get something even more beneficial I don't read it counsel and I mean maybe the government thinks it can come out of his line the redirect examination from the same assistant US Attorney it's mr. Harrell or mrs. are mr. mr. Harrell on redirect he goes right back to the same direction with his expert right the as far as you know do they lie about what they think they're bringing in they always lie so they're going right back to the state of mind of these defendants so now we force the defense counsel on recross and what do they do they begin to do the only thing you could do which is wait a minute expert you didn't meet my witnesses my clients and the assistant US Attorney objects and says this expert has no personal knowledge judge Higgins I have to disagree with you about how effective a curative instruction would have been from the jury the jury needs to disregard this question this is improper for the witness to testify and I believe based on the pretrial conference judge Moses would have done that the jury is presumed to follow that instruction you remember when this assistant US Attorney objects on recross for the defense trying to correct and you remember what how this all finished it forced the district judge at the very end the district judge has to intercede and say well can I clear up something expert you didn't know anything about the laws did you remember that that is helpful for the defense as well to remind the jury that he has no knowledge of these particular cases and it also instructed at the jury at the at the end that it could give whatever weight to the expert that it wanted to but even moving on from there if we have third prong like I I agree this was a mistake like it's a mistake and I I think Portillo makes it confusing about whether it's clear and obvious error I think that case is actually very similar but you know how much knowledge does this role in the organization have and the court you mean switching to plain error review and no I'm saying that even for second prong Portillo throws some confusion into the mix as far as second prong you're on plain error view second prong of plain error whether it's clear so you're assuming that we've decided you do have to object I I the case law seems clear to me that this is plain error of you but moving on to third tell us how though because if it's an abuse of discretion I think to judge Higginson's point our analysis may be very different than assuming plain error so tell us tell us the state of our law I agree I think that this would be a very tough call under an abuse of discretion standard but under plain error and you mean you want me to address why it's plain error yeah we talked about this a little bit with counsel opposite right have we just not answered this question right I think the court has answered the question and I think the commentary to the rule answers the question so rule 50 federal 103 the Advisory Committee notes to the amendment says that that provision about renewing objection only applies to losing parties and if the court changes its initial ruling or if the opposing party violates the terms of the initial ruling which is what happened in this case the objection must be made when the evidence is offered to preserve the appeal and they cited a Fifth Circuit decision in the United States versus aviation underwriters is that post Mathis I mean that it's a 2000 amendment Fonseca no I'm asking is the case you just cited post Mathis it's post Mathis how would that apply Mathis well Matt did Mathis even distinguish between a granted or denied motion to redraw I don't think I'm not sure Mathis I'm not I'm not I'm not sure how Mathis in Mathis like are we talking about the Supreme Court decision in Mathis about sentencing no categorical approach Mathis if you win a pretrial motion you don't have to object again to preserve your claim on appeal that's that's for losing parties under the rule but I'm gonna say that's exactly what I'm asking in Mathis did the court distinguish between granting and losing I am I'm not up to speed on Mathis I'm happy to file a letter after this argument about it but I don't think they did I I'm not would it be interesting if the Supreme Court didn't distinguish so it says you do not need to preserve again Mathis Supreme Court right but the error without distinguishing between a denied and a granted motion eliminate the error here is not the expert testimony it's the government's violation of the pretrial ruling that would be the objection is the government the defense needs to stop there how could the error possibly not be the experts testimony that's the 703 violation right but according to the rule I mean the underlying rule of course is the Gutierrez didn't have a pretrial instruction so what you've got here is what I said at the beginning a compounded error you have clear Fifth Circuit published instruction not to do something compounded by a district court saying don't do it and then the assistant US Attorney does it I I understand the courts concern with this testimony but I would like to talk about why it's not plain error first of all again just because it's emphatic because the government can keep doing it hoping that it gets away with harmlessness or plainer review so I'm gonna say once again it's important because you're an appellate chief or your appellate counsel I don't see it as a quote mistake I see it as an error that the government keeps doing and in a case where knowledge is at play and we additionally have another issue in this appeal about did they talk about the I think that's an unfair characterization of the record when you have an unlisted statement I think these were this wasn't a mistake at trial all trials have mistakes as you know and the question is is who is supposed to alert the court to those mistakes and it it was the defense like both counsel both defendants were represented by able counsel experienced counsel who decided instead of objecting they were going to exploit that testimony and actually get very favorable testimony out of it the council to judge Higginson's points to I mean it seems to me when you when you characterize this as a separate error it presupposes I mean that's that almost sounds like the analysis we'd engage in if we wanted to follow Fonseca the Tenth Circuit and say that in fact this is distinct from the motion in limine ruling from the get-go what if what if what if we see him as the same error do we still get to abuse of discretion or I all I can tell you is that the rule contemplates this precise situation what about our case law your case law in the case cited in the government's 28 J the the Fifth Circuit has addressed that and also in the McCormick to you what Portillo no no in underwriters the underwriters case aviation underwriters so the court of course that was pre-amendment but it addressed sort of a similar situation and then the Fonseca which I felt like is very well reasoned from the Tenth Circuit and sort of explaining the nuances of what standard of review applies in a very similar procedural posture so I mean plain error is the time to make the objections for appellate review is at the trial level and if they thought that this was so damaging and harmful then they should have alerted the district court who in all likelihood would have given a cure instruction but instead now we're sandbagging on appeal where we failed to a better result had me but now you don't really again because again think of the what can you object when the witness blurts it out you can't on winning that bill I mean in height you tell me if you're a defense counsel I disagree your honor what is your objection what do you say objection may we if I would ask for a curative instruction I said this is a violation of the rule in limine this is inappropriate testimony you win on that what is the curative instruction the court instructs the jury that this particular witness not only a 704 but a 702 objection to say how is this helpful how is this helpful to the jury and get that on the record that it's not helpful to the jury that they're the arbiters of these factual issues that this person is not qualified to make just heard a Border Patrol intelligence experts saying the mules know their narcotics in the car I mean you're assuming that the jury is not going to follow the court's instructions that's totally contrary to this courts precedent that the jury would follow those curative instruction so the curative instruction is ladies and inappropriate for him to express that type of opinion I think I would ask for more than just strike from the record and object and you know what I was like trying to think of what the prosecutor could have done in this situation to like fix it and it took me a while to be like the answer is it's non-responsive the only objection for the prosecutor otherwise they highlight this testimony true but you don't then object when later on on read cross the defense counsel is trying to clean it up that made it look much more opportunistic the defense got a lot of helpful information in violation of the rule I mean the defense is also violating this rule asking for mental state of the function so if we do get to planar which you've been trying hard to get to commendably then third and fourth prong the government doesn't refer at all to agent where to stay they don't and it's ambivalent testimony sometimes they know sometimes they don't know and I do want to say that this is not the typical you know knowledge was very important at this trial but this is not the typical port of entry case this is not just like the defendant was nervous and there were a lot of drugs in the car which is where we see this sort of case law develop there was a lot of other evidence of knowledge in this case we have for the you know five hours before this four hours before this testimony from a cooperator about what's going on we have admissions that the car was not driving correctly we have the Facebook messages about asking multiple times if the car is clean telling people to delete texts the urgency of the crest the lies at the port of entry they recruit someone they've never met to drive the car Ramirez even asked if the truck is stolen if there's drugs inside they tried they attempt to try to intimidate the cooperator the sheer amount of drugs so this is what it was a case all about knowledge it was a case about knowledge but okay but that that that opinion by the Border Patrol agent didn't really contribute to the case it wasn't like it rested on that they didn't need it the government and that's and they didn't need it and we know this because they didn't use it at all in closing argument nobody even referred to it so how important could it have been if the government didn't even refer to it it's closing argument Dominic gets the point this is a little more difficult for your argument although it wasn't seized on defense today I would like you to speak to whether or not the prosecutor commented on the defendant's silence so the I'm concerned I know they ended they pointed to three instances of it but I'm only concerned about the one at the beginning of defense closing and tell me if I'm quoting it correctly speaking to the jury I'm assuming it was the same assistant US Attorney it was a different one Oh counsel interesting okay you have no evidence of any statements from the Laura's no direct statements what was in their minds how could that not be drawing to the attention of the jury that they had chosen not to testify well the answer is context from the context of the case and the prosecutors comments she was in artfully trying to discuss that there's no direct statements of guilt in this case and we have to rely on circumstantial evidence and how do we get that but the trouble is there again we've got oh just the government made mistakes let's forgive them would it be okay for them to have said to the jury you have no testimony from these two defendants clearly not no okay but so instead it's okay to say you have no direct evidence of any statements from the defendants well I think she was trying to say that I'm trying to say I mean my interpretation of those comments I I don't think that the jury would have interpreted this as a statement on the defendants failure to testify more than the absence of direct you can't say you have no testimony from defendants but you can't say you have not heard any statements from the defendants I just want to point out 586 of the record where defense counsel says pretty much the exact same thing conversely where they say what's going on here what's happening what is Marianne Lara what does she have in her mind I mean we're how else do people talk about circumstantial evidence other than do you want a script for the pocket what's your best case that says that a government prosecutor when the defense have chosen not to say testify can say to the jury what's on their minds we didn't hear any statements from them I I think in context that's an unfair characterization but I'm quoting saying you don't have any statements right but she says you have this this is the evidence that you have like we don't have direct statements we don't have any direct evidence of them admitting I thought that would have to be it so the wrong thing would have been to say you don't have any direct statements but it's okay for prosecutors to say you don't know I think they're clearly talking about the evidence at the port that we don't have any direct confessions but we have a lot of other evidence I mean both both defendants spoke with I agree here had the prosecutor said we don't have any taped you don't have any tapes of them talking you don't have any confessions but if you just start your closing argument we don't know what's on their minds we don't have any statements from them what's the what's the Fifth Circuit case that says that isn't violent I mean what's your closest case it's there isn't any case saying that that is no I'm asking you what's your closest case allowing prosecutors to say that can you think of any from any circuit your honor I I first of all this is plain air I agree not objected to it so I agree on this the defendant has a very difficult burden okay but now you're slipping the plane arrogant I'm asking you for a case that although we just need to have prosecutors arguments it's very I mean not all prosecutors talk the same way I mean it's very factually dependent on the context of the case so I don't have a case right now that says it's okay but there's no case that says it's not okay that that a prosecutor can comment on the evidence and the fact that there's a jury instruction that says something kind of similar to what the prosecutor is saying about she's she's in artfully trying to get across that it's not direct knowledge that's important it's it's circumstantial evidence of knowledge okay any of that direct versus circumstantial would be wonderful in a case that's all about knowledge to start your closing argument saying would have been nice to hear their statements don't have those statements don't know what's on their mind pretty hard for me to think how that isn't commenting on their sounds you may say well it's just the way people speak in artfully but you haven't given me a case that gets anywhere near that I mean we're talking about whether to reverse a trial based on a sentence that a prosecutor I agree you may prevail on plain error but here again it's really important for prosecutors to know what are the rules so plain error tends to mean are we agreeing there's error maybe even clear error that would be a strong published Fifth Circuit case for you I don't even think this rises to that level does it rise to error it could it does it rise to error I don't believe so okay do you have a case I mean I I feel like the cases that I have in sort of commenting on the evidence the rule is that what the jury I'm just gonna correct you again it's not commenting on the evidence it's commenting on what was in the mind of a defendant who elected not testify and we're talking about knowledge which is based on how do you get into the mind of a defendant how do you formulate what knowledge is it's all circumstance I mean a prosecutor has a tough job to be able to tell a jury on the absence of any direct evidence what is in the mind of a defendant I mean isn't that for your time elapses when the government decided to cross-examine its own cooperating witness Ramirez did that evidence come in substantively or only for impeachment I think the intent of that evidence was clearly to come in as impeachment evidence was there a limiting structure there was not a limiting instruction so did the factual basis that came in as to one of the co spiriters contain a statement about this person had knowledge so it's a little convoluted I know my time is expiring no go ahead I'm asking you a lot of questions the problem is is that the the plea agreement came in as substantive evidence but agent Leonard's statements about what Ramirez said at the meeting that should have only been a prior inconsistent statement so I believe all of that and evidence the jury should have been instructed it is a I think it is error and it's probably plain error for the court not to have instructed that way but I don't think the defendants can meet the third prong in this case okay so thank you counsel I think just ask for you to firm the judgments and this may be I mean this may be ineffectiveness of counsel I mean what if all these are subject to plain error I mean opposing counsel is acknowledging there were mistakes it was inartful and the last comment was yet again but each time it looks like defense counsel could have brought this to somebody's attention I agree but of course you know that we'll be careful when you say you agree you agree it's plain error all three issues no I agree that it was not a not effective assistance I don't think I I cringed when I was reading this this transcript now there may be strategic tactical reasons for why they acted or did not act in a particular way but that's not something I can argue on direct appeal because there's no record as to what they're well I press the government but I you know if the defense is doing some of this strategically then opposing counsel's correct that that yes I'm just pointing out that I could have raised I thought about raising ineffective assistance but I didn't think it was going to go well it's direct appeal so that's still there so but interestingly we look at you have the Border Patrol agent his testimony which was error and went improperly to the defendant's state of mind you have these statements about direct evidence improperly admitted and that went to the state of mind you have the debrief from Priscilla Ramirez that they brought in solely to state that she suspected something yeah but that proved that the defendants knew yeah so they're they're all around the central issue where is the actual evidence that my client knew what was in the car or that my client entered into any kind of conspiratorial agreement prior to going to Mexico if you at my sufficiency no they made a lot of evasive and inconsistent comments they did but your honor I defy this court to read that transcript and figure out who said what about whom it is replete with they said this they did this the sisters said that the sisters did this now that raises a very interesting question is how do you how do you take that those ambiguous facts and fit them into the of taking the evidence in the light most favorable okay I didn't give her extra time so I shouldn't thank you all it's an interesting case it's been submitted oh oh I always do that shows I don't preside very often your judge Wilson saved you you had written down you can't unring a bell I'm sorry you had said that I had written it already you can't this is a pure no-knowledge case their side said as much I can't imagine a better case quite frankly not withstanding the lack of contemporaneous objection to if you will give teeth to your admonitions a little bit counsel I mean there are lots of bells that get wrong in trial yes that you can't unring but there are things that could have been done on an objection this is true the curative instruction some sort of limiting instruction I mean there are various things but but we don't have any of that because there was no objection the objection is that is the trigger whether it unrings the bell or not it is maybe beside the point I suppose I suppose my response to be some bells ring louder than others they do and this is a particularly egregious spell how long was the jury up I don't know was there any jury questions no not that I'm aware your honor I'd also point out that certainly not my place to defend the entire defense bar but I'm always frustrated when I hear the government characterizing issues that occur after the government's mistake to be tactical well yes as a former military officer I will tell you there are all sorts of tactical decisions that are made on the battlefield in the air in response to changing circumstances the circumstances that changed here were the circumstances that the government's prosecutors caused if you will they solicited the improper testimony to say that the defense counsel then should be held to some type of critique for the tactical decisions that they were making well tactical tactical or strategic I mean they are different levels I guess but doesn't the defense counsel's response and and tailoring or adapting as they go I mean doesn't that suggest that they could easily have objected no I don't this suggest it suggests strategy as much as tactics no I don't think it suggests strategy because the the law may I continue the law is clear as Judge Higginson had pointed out the court repeatedly admonishes not to bring in this type of testimony that the decisions that defense counsel make are at least initially made in contemplation that the government will follow that rule it's not remarkable I don't think okay then to to question the tactics after they have not followed the rule I would just respectfully ask that the court tread carefully there because now you're putting yourselves in the minds of the defense counsel as well thank you very much for your time thank you actually you reverse or alternatively reverse and remand for the reasons discussed okay second